UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.

DAVID BUDD,

     Defendant,

and

STATE OF MICHIGAN DEPARTMENT
OF TREASURY,

     Garnishee.

_____/

Case No. 2:21-mc-50759
District Judge Linda V. Parker
Magistrate Judge Kimberly G. Altman

## REPORT AND RECOMMENDATION TO DENY DEFENDANT'S OBJECTION TO WRIT OF GARNISHMENT AND REQUEST FOR HEARING (ECF No. 4)

### I.  Introduction

This is a garnishment action brought by the United States.  Defendant David

Budd was charged with, and pled guilty to, one count of wire fraud and one count

of aggravated identity theft relating to continued receipt and use of his mother's

Social Security insurance benefits after her death.  *See U.S. v. Budd*, 2:19-cr-

20278, ECF No. 1 (E.D. Mich. 2019).  Budd was also ordered to pay restitution in

the amount of $97,600.00.

1

Thereafter, the United States filed the instant application for writ of

continuing garnishment directed to the Michigan Department of Treasury, as

garnishee, seeking to collect on the remaining restitution balance of $96,806.00

from any income tax refund Budd may receive.  (ECF No. 1).  Budd, currently

incarcerated at the Milan Federal Correctional Institution, has filed a request for

hearing regarding the garnishment and his claims for exemptions (ECF No. 4),

which is now before the Court.  *See* ECF No. 5.

For the reasons set forth below, the undersigned recommends[1] that Budd's

request for a hearing and objections to the writ of garnishment be DENIED.

## II.  Analysis

The United States may satisfy a judgment by issuing "a writ of garnishment

against property ... in which the debtor has a substantial nonexempt interest and

which is in the possession, custody, or control of a person other than the debtor."

28 U.S.C. § 3205. The United States may garnish all property except that which is

exempt from a levy for the payment of federal income taxes. § 3613(a)(1); 26

U.S.C. § 6334. *See also United States v. Nash*, 175 F.3d 440, 443 (6th Cir. 1999)

("The provisions of 18 U.S.C. § 3613(a) state that the United States may enforce a

---

[1] Post-judgment objections to garnishment are not pretrial matters, and therefore a
Magistrate Judge referred these matters must proceed by Report and
Recommendation pursuant to 28 U.S .C. § 636(b)(1)(b).  *See Massey v. City of
Ferndale*, 7 F.3d 506 (6th Cir. 1993); *United States v. Tyson*, 265 F. Supp. 2d 788,
789 (E.D. Mich. 2003).

judgment imposing a fine, restitution, or assessment against the property of the

person fined, with the exception of those exemptions found in 26 U.S.C. § 6334.")

A judgment debtor who contests a writ of garnishment bears the burden of

showing he or she is entitled to an exemption.  *United States v. Sawaf,* 74 F.3d 119,

122 (6th Cir. 1996).  Budd contends that he qualifies for two exemptions:

judgments for support of minor children; and minimum exemptions for wages,

salary, and other income.  (ECF No. 4, PageID.20).  As stated on his exemption

form, both of these exemptions apply only to salary, wages, or other income.  (*Id*.).

However, a state income tax return does not fall under this category.  As another

court reasoned in a similar case:

> Bravata's claims of exemption are plainly without merit.  Although the
> United State seeks to garnish Bravata's state income tax refund, he
> claims that the property at issue is exempt because it is "wearing
> apparel and school books," "fuel, provisions, furniture, and personal
> effects," "books and tools of a trade, business, or profession,"
> "undelivered mail," or "wages, salary and other income."  [4, Pg ID 20–
> 21].  A state income tax return is none of these things, and Bravata's
> objections do not warrant a hearing.

*United States v. Bravata*, No. 14-50375, 2015 WL 4967044, at *2 (E.D. Mich.

Aug. 19, 2015).  *See also United States v. Henderson*, No. 13-CV-15146, 2014 WL

4209936, at *1 (E.D. Mich. Aug. 26, 2014) ("While SSI funds would be exempt,

his tax refund, based on taxes withheld as the result of employment, is not.");

*United States v. Miller*, No. 08-11499, 2019 WL 2205918, at *1 (E.D. Mich. Feb.

28, 2019), *report and recommendation adopted,* 2019 WL 1748426 (E.D. Mich.

Apr. 19, 2019) ("Because Defendant has not shown that his Michigan income tax refunds are exempt from garnishment, his objections must be denied.").

A debtor may request a hearing regarding a garnishment, but the issues at the hearing are limited to the validity of a claim of exemption and the government's compliance with statutory requirements. 28 U.S.C. § 3202(d). "Although [§ 3202(d)] states that the court 'shall hold a hearing' at the debtor's request, courts have denied a hearing where ... the objection is plainly without merit, or where the objection was simply a matter of statutory exemption." *United States v. Miller*, 588 F. Supp. 2d 789, 797 (W.D. Mich. 2008) (collecting cases). Because Budd's objections amount to the assertion of two statutory exemptions that plainly do not apply to his potential tax refund, a hearing is not warranted here.

### III.  Conclusion

Accordingly, for the reasons stated above, the undersigned RECOMMENDS that Budd's request for a hearing and objections to the writ of garnishment be DENIED.

Dated: August 31, 2021                          s/Kimberly G. Altman
Detroit, Michigan                               KIMBERLY G. ALTMAN
                                                United States Magistrate Judge


### NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as

provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).

Failure to file specific objections constitutes a waiver of any further right of

appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health &*

*Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation.  *Willis v. Sec'y of Health &*

*Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No.

2," etc.  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR

72.1(d).  The response must specifically address each issue raised in the objections,

in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," etc.  If the Court determines that any objections are without

merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 31, 2021.

s/Marie E. Verlinde
MARIE E. VERLINDE
Case Manager