UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

DAVID BUDD,

Defendant,

and

STATE OF MICHIGAN DEPARTMENT OF TREASURY,

Garnishee.
______________________________________/

Civil Case No. 21-mc-50759
Honorable Linda V. Parker

**OPINION AND ORDER (1) DENYING DEFENDANT'S MOTION FOR CLARIFICATION AND REQUEST FOR EXTENSION OF TIME TO FILE OBJECTIONS TO REPORT & RECOMMENDATION AND (2) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The United States brought this garnishment action to collect restitution Defendant David Budd was ordered to pay as part of his sentence in a criminal matter. *See* J., *United States v. Budd*, 19-cr-20278 (E.D. Mich. Nov. 11, 2020), ECF No. 24. The United States served a Writ of Continuing Garnishment upon the Michigan Department of Treasury to enforce the order of restitution. Defendant

has filed a Request for Hearing to address his claimed exemptions from garnishment, specifically judgments for support of minor children and minimum exemptions for wages, salary, and other income. (ECF No. 4.) In response, the Government acknowledges that obligations to support minor children could be exempt contingent upon an enforceable support order; however, the Government points out that Defendant provides no information or documentation reflecting such an order. (ECF No. 6 at Pg ID 26.) The Government also acknowledges that an exempt amount of wages, salary, or other income are not subject to garnishment. (*Id.*) However, the Government maintains, "tax refunds or other payments made to Defendant by the Michigan Department of Treasury" are subject to garnishment, which is what its garnishment attaches. (*Id*. at Pg ID 27.) The Court referred this matter to Magistrate Judge Kimberly G. Altman. (ECF No. 5.)

On August 31, 2021, Magistrate Judge Altman issued a Report and Recommendation (R&R) recommending that the Court deny Defendant's objection to the writ of garnishment. (ECF No. 8.) Magistrate Judge Altman concludes that a state income tax return does not fall under either category of exemption claimed by Defendant. (*Id.* at Pg ID 34.) Because Defendant's objection to the garnishment lacks merit, Magistrate Judge Altman further concludes that he is not entitled to a hearing. (*Id.* at Pg ID 35.) At the conclusion of the R&R, Magistrate Judge Altman informs the parties of their right to file objections. (*Id*. at Pg ID 35-

36.) As Magistrate Judge Altman explains, objections must be filed within 14 days of the R&R and must be specific. (*Id*. at Pg ID 36.) She further warns the parties that the "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (*Id*. (citing *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).)

On September 13, 2021, Defendant filed a "Motion for Clarification and Request for Extension of Time to File Objections to Report and Recommendation." (ECF No. 9.) Defendant indicates that the R&R "implies that the only property subject to garnishment in this action is any pending or future tax income refunds owed to [him] from the State of Michigan." (*Id*. at Pg ID 38.) If this is correct, Defendant states that he has no objections. (*Id*.) If not correct and the garnishment applies to other property, Defendant asks the Court for an additional 21 days to object to the R&R. (*Id*. at Pg ID 39.) At the Court's request, the Government filed a response to Defendant's motion on October 8. (ECF No. 10.)

As the Government's earlier response to Defendant's request for hearing made clear, it is seeking "income tax refunds *or other payments*" due to Defendant from the Michigan Department of Treasury. (ECF No. 6 at Pg ID 23 (emphasis added).) The Government clarifies in its recent request: "It is conceivable that the State of Michigan Department of Treasury owes or could owe Mr. Budd money or

property besides income tax refunds, e.g., lottery winnings, proceeds of a lawsuit, overpayments of some kind, etc., that would be subject to garnishment." (ECF No. 10 at Pg ID 43.) Nothing suggests that these other payments constitute "amount[s] payable to or received by an individual as wages or salary for personal services, or as income derived from other sources" as are exempt from garnishment under the law. *See* 18 U.S.C. §3613(a)(1); 26 U.S.C. §6334(9). Moreover, as the Writ of Garnishment is not directed at property claimed exempted by Defendant, a hearing remains unnecessary with respect to the writ.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Clarification and Request for Extension of Time to File Objections to Report and Recommendation (ECF No. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Objection to Writ of Garnishment and Request for Hearing (ECF No. 4) is **DENIED**.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: October 25, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 25, 2021, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager